FOLGER LEVIN & KAHN LLP
Michael A. Kahn
   (CSB No. 057432, mkahn@flk.com)
Samuel R. Miller
   (CSB No. 066871, smiller@flk.com)
Janine L. Scancarelli
   (CSB No. 197202, jscancarelli@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendant Oldcastle Precast, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENSEN ENTERPRISES, INC., | Case No. C 06 0247 SI |
| Plaintiff, | **DECLARATION OF MIKE SCOTT** |
| v. | |
| OLDCASTLE PRECAST, INC.; PACIFIC BELL TELEPHONE COMPANY; SBC SERVICES, INC.; and NEVADA BELL TELEPHONE COMPANY, | |
| Defendants. | |

I, Mike Scott, hereby declare as follows:

1.    I have personal knowledge of the facts set forth in this declaration, and if called as a witness I would testify to the facts contained in this declaration.

2.    I am West Region President for Oldcastle Precast, Inc., ("Oldcastle"), a defendant in the above-captioned action.

3.    In my role at Oldcastle, I have knowledge of the negotiation and operation of the agreement between Oldcastle and SBC Services, Inc. ("SBC"). My responsibilities also require

that I understand the operation of the market for precast concrete products and Oldcastle's pricing policies and practices in California and Nevada.

4. At issue in this case is Agreement No. 00014026 Between Oldcastle Precast, Inc. and SBC Services, Inc. for Material and/or Services, effective November 14, 2002 ("Agreement"). Each page of this agreement bears the following legend: **"Proprietary Information.** The information contained in this Agreement is not for use or disclosure outside SBC, Supplier, their affiliated companies and their third party representatives, except under written Agreement by the contracting Parties." Oldcastle honored this designation and kept this Agreement confidential.

5. Oldcastle and SBC extended the Agreement twice by amendment, Agreement No. 00014026-01 and 00014026-02. The price schedule in the second amendment is still in effect.

6. Thus, the Agreement (as amended) includes information about Oldcastle's current prices and the terms and conditions under which it provides products to SBC. I consider this to be extremely sensitive business information, which could be used by a competitor to bid against Oldcastle in future circumstances where SBC or some other entity is the counterparty.

7. Oldcastle regards the prices it charges for its products as highly sensitive competitive information. In this business, buyers typically contact sellers for bids on precast concrete products. A seller who knows its competitors' prices or pricing policies and practices has a great advantage in competing for business. No employee of Oldcastle, including myself, shares prices or pricing policies and practices with Oldcastle's competitors.

8. Oldcastle is prepared to produce in this litigation invoices for precast concrete products showing customer names and actual prices charged. I believe that such invoices and similar pricing information should be designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order in this case (such that it will only be available to outside attorneys and experts) since I consider the information on these invoices to be extremely sensitive confidential business information that could be utilized by a competitor, such as Jensen, to cause significant competitive injury. I believe that information about actual sales contained on these invoices, even

1  sales from previous years, can be used by a competitor to determine Oldcastle's current or future pricing policies.

9. I regard the identities of Oldcastle's customers as extremely sensitive information and would not provide these names to competitors. Oldcastle's employees treat information about their customers as confidential, and do not share it outside the company. I believe that Oldcastle has customers that are unknown to our competitors, including Jensen. I believe that if Oldcastle's competitors, including Jensen or its officers, were to learn the identity of these customers, they would have an unfair advantage in competing with Oldcastle.

10. I believe that disclosure of Oldcastle's prices, contract terms and conditions, and customers, to any management employees working for Jensen would create a substantial risk of serious competitive injury. Once this information is known to anyone at Jensen, there is a significant risk that it could be utilized in Jensen's business decisions.

11. In sum, I believe that the information regarding Oldcastle's prices, customers, and contract terms and conditions should only be produced as "Highly Confidential – Attorneys' Eyes Only."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Fontana, California on December 12, 2006.

_____
Mike Scott

71073\6001\524975.1