1

2

3

4

5     IN THE UNITED STATES DISTRICT COURT

6    FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 JENSEN ENTERPRISES INC.,     No. C 06-247 SI

9    Plaintiff,       **ORDER GRANTING IN PART AND**
                **DENYING IN PART PLAINTIFF'S**
10  v.              **MOTION FOR LEAVE TO FILE**
                **FOURTH AMENDED COMPLAINT**
11 OLDCASTLE PRECAST, INC., et al.,

12    Defendants.
   _____/

13

14    Plaintiff has filed a motion for leave to file a fourth amended complaint.  Plaintiff seeks to add

15 a single claim under Section 3 of the Clayton Act against defendants Oldcastle Precast Inc. ("Oldcastle")

16 and SBC Services Inc. ("SBC").  Oldcastle does not oppose the motion.  Both plaintiff and SBC, which

17 does oppose the motion, state that oral argument is not necessary.  Accordingly, pursuant to Civil Local

18 Rule 7-1(b), the Court VACATES the February 9, 2007 hearing.  For the reasons set forth below, the

19 Court GRANTS the motion as to Oldcastle and DENIES the motion as to SBC.

20    As background, plaintiff generally alleges that defendants have colluded so that property

21 developers who wish to connect properties to AT&T's wireline network in California or Nevada must

22 use Oldcastle's pre-cast concrete telephone utility vaults when making the connection.  *See generally*

23 Third Amended Complaint ¶¶ 20-22, 27.  Plaintiff alleges that defendants have excluded other telephone

24 vault sellers (such as plaintiff) from the market, forcing property developers to pay unreasonably high

25 prices to Oldcastle when purchasing the vaults.  *Id.*  Plaintiff further alleges that defendants force

26 developers to accept low "reimbursement prices" from the AT&T defendants when making compulsory

27

28

*United States District Court*

*For the Northern District of California*

re-sales of the vaults to the AT&T defendants.[1]  *Id.* ¶ 29.

In November 2006, Oldcastle produced the Oldcastle-SBC contract to plaintiff.  According to plaintiff, this contract establishes Oldcastle as the sole authorized seller of telephone vaults to property developers and contractors for installation in the AT&T defendants' wireline network in California and Nevada.  Plaintiff seeks to add a single cause of action alleging that the Oldcastle-SBC contract and SBC's "Oldcastle-only" policy violate Section 3 of the Clayton Act.  Section 3 provides in relevant part:

> It shall be unlawful for any person . . . to lease or make a sale or contract for sale of goods . . . or other commodities . . . for use, consumption, or resale within the United States . . . on the condition, agreement, or understanding that the lessee or purchaser thereof shall not use or deal in the goods . . . or other commodities of a competitor or competitor of the lessor or seller, where the effect of such lease, sale, or contract for sale or such condition, agreement, or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce.

15 U.S.C. § 14.  Plaintiff's amended complaint alleges, *inter alia*, that "the Contract and the Oldcastle-only policy, as implemented, have constituted an exclusive supplier contract/arrangement that has substantially lessened competition in the affected line of commerce."  Proposed Fourth Amended Complaint ¶ 136.  Plaintiff did not submit a copy of the contract to the Court, and does not explain how, specifically, the contract gives rise to a Section 3 claim.

Relying on *McGuire v. Columbia Broadcasting System*, 399 F.2d 902 (9th Cir. 1968), SBC opposes the amendment as futile, contending that a Section 3 claim does not lie against a buyer in an alleged exclusive dealing arrangement.  In *McGuire*, the Ninth Circuit held that Section 3 precluded such a claim. "The language of the statute defines liability in terms of a person who makes a sale or contracts for sale and nowhere provides for liability of the buyer."  *Id.* at 906; *see also Genetic Systems Corp. v. Abbott Laboratories*, 691 F. Supp. 407, 414-15 (D.D.C. 1988) (agreeing with *McGuire* and noting that few courts have addressed this issue).

Plaintiff contends that *McGuire* is inapposite because here the buyers are the property developers and contractors.  However, plaintiff ignores the fact that SBC is also a buyer, and that nowhere in the

---

[1]  The AT&T defendants include SBC, Pacific Bell Telephone Company, and Nevada Bell Telephone Company.  The complaint alleges that after a property developer has purchased a telephone vault and installed it in order to connect a property to the AT&T infrastructure, the developer must re-sell the vault to the local AT&T affiliate in order to activate telephone service.

United States District Court

For the Northern District of California

2

transaction is SBC a seller.  Plaintiff does not cite any authority for the proposition that SBC can be held liable under Section 3 for its role as a party to the Oldcastle-SBC contract.  The Court finds that in the absence of any authority to the contrary, *McGuire* bars plaintiff's proposed claim against SBC.

For the foregoing reasons, the Court DENIES plaintiff's motion to amend the complaint as to SBC, and GRANTS plaintiff's unopposed motion to amend the complaint as to Oldcastle. (Docket Nos. 99 and 104).  No later than <u>February 12, 2007</u>, plaintiff shall file a fourth amended complaint consistent with this order.  Oldcastle's answer on file is hereby deemed to be its answer to plaintiff's fourth amended complaint, and Oldcastle is deemed to deny the allegations in the Twelfth Cause of Action (paragraphs 134-146).

**IT IS SO ORDERED.**

Dated:   February 5, 2007

_____
SUSAN ILLSTON
United States District Judge