IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENSEN ENTERPRISES INC., | No. C 06-247 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION** |
| v. | |
| AT&T INC., et al., | |
| Defendant. | |

The parties have submitted two related discovery disputes to the Court.[1] Both disputes concern whether certain of plaintiff's interrogatories and requests for admission are relevant to a determination of the market in this case. Plaintiff seeks information about which regions in California and Nevada are served by AT&T's wireline network; who competes with AT&T in those regions; and which products and services can be used in lieu of land-line telephone services in those regions. Plaintiff contends that because developers and contractors must install concrete vaults manufactured by Oldcastle in order to connect to AT&T's wireline network, the discovery is relevant to the "market for the sale of telephone vaults to property developers and their contractors for inclusion in the AT&T wireline network" in California and Nevada.

AT&T objects that plaintiff's discovery improperly focuses on one submarket for concrete vaults – vaults used to house AT&T's telephone land-lines – and instead should be directed at the broader "manufacture and sale of precast concrete products, by those entities engaged in that line of business." AT&T states that precast concrete products have a variety of uses, and that they are primarily used for

---

[1] The parties' letter briefs are found at Docket Nos. 115, 120, 121, 123 and 128.

the housing of telephone, cable TV, and power equipment, and the operation of waste water systems, storm drains, septic tanks, and natural gas distribution systems. AT&T also contends that the discovery is irrelevant because it seeks information about the telecommunications market and its products and services, not the market for precast concrete vaults.

The Court concludes that plaintiff's discovery may be relevant to the determination of the market in this case. Defendant may be correct that plaintiff's focus is too narrow, and that the accurate market should take into account all of the sales of precast concrete products for a variety of uses. Even if this is true, however, plaintiff's discovery is relevant to determining one part of that larger market, namely the market for concrete vaults used to house telephone land-lines. Defendant may renew its arguments in connection with substantive motions regarding the determination of the relevant market.

For the foregoing reasons, the Court GRANTS plaintiff's motion to compel. AT&T shall respond to the discovery at issue no later than **March 16, 2007**, unless the parties stipulate otherwise.

**IT IS SO ORDERED.**

Dated: February 24, 2007

SUSAN ILLSTON
United States District Judge

2