William A. Markham, State Bar No. 132970
MALDONADO & MARKHAM, LLP
402 West Broadway, 24th Floor
San Diego, CA 92101

Tel:     (619) 221-4400
Fax:    (619) 224-3974
E-mail:  wm@maldonadomarkham.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENSEN ENTERPRISES, INC., | Case No. C 06-0247 SI (JCS) |
| Plaintiff, | |
| | STIPULATION ON SPECIFIED DISCOVERY MATTERS |
| Vs. | |
| | The Hon. Susan Illston |
| OLDCASTLE PRECAST, INC., PACIFIC BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and NEVADA BELL TELEPHONE COMPANY, | The Hon. Joseph C. Spero for all discovery matters |
| | Complaint Filed: January 12, 2006 |
| | Trial Date: November 3, 2008 |
| Defendants. | |

This stipulation (the "Stipulation") is made by the following parties to this case: Plaintiff Jensen Enterprises, Inc. ("Jensen") and Defendants Pacific Bell Telephone Company, Nevada Bell Telephone Company, and AT&T Services, Inc. (collectively, "AT&T").

The other party to this case is Defendant Oldcastle Precast, Inc. ("Oldcastle").

//
//
//
//

WHEREAS, the parties have met and conferred at length about various pending discovery matters and discovery deadlines; and

WHEREAS, they have agreed to the below-listed items, to which they now formally stipulate; and

WHEREAS, by this stipulation the parties jointly request that the Court authorize certain discovery and extend the current cut-off date for percipient discovery;

WHEREFORE, Jensen and AT&T now formally assent and stipulate to the following terms and conditions:

## STIPULATED TERMS AND CONDITIONS

1. AT&T will provide a summary of its APROMS data for concrete manholes and boxes from November, 2004 onward and of its NOVA data for concrete manholes and boxes from November, 2002 onward so far as it can. AT&T will also serve an amended discovery response in which it discloses (1) the date on which it entered the Oldcastle PIDS and prices covered under the AT&T-Oldcastle contract into its APROMS system; and (2) the date on which it entered the Oldcastle PIDS and prices covered under the AT&T-Oldcastle contract into its NOVA system. AT&T will produce a witness or witnesses under Rule 30 (b) (6) on or before the cut-off date for percipient discovery for the use of Oldcastle PIDS and prices in NOVA and APROMS. The above summary and amended discovery response will be provided on March 14, 2008.

2. AT&T will provide an amended discovery response that discloses what data/information has been set forth in its ACAS system concerning concrete manholes and boxes in California since November, 2002 and in Nevada since January, 2006. So far as it reasonably can, AT&T will provide the actual ACAS data/information thus described. Jensen preserves its right to object to the insufficiency of the production. The amended discovery response and production will be provided on March 14, 2008. AT&T will produce Donald Hatter to testify on these matters under Rule 30 (b) (6) on or before the cut-off date for percipient discovery.

//

3. On March 14, 2008, AT&T will produce a list of all its currently employed outside plant engineers and contract administrators for outside plant in California and Nevada so far as it can reasonably identify them. Jensen preserves its right to object to the insufficiency of the list. Jensen can depose one outside plant engineer and one contract administrator for each district or region of California and Nevada, save that Jensen will take no depositions for the San Diego district and will depose only one contract administrator but no engineer for the San Ramon district. These engineers and contract administrators will be produced for deposition before the close of percipient discovery. If it is necessary to extend the discovery cut-off to complete this discovery, the parties agree to the same.

4. By March 14, 2008, AT&T will produce its check payments along with "all accompanying information stored therewith or referenced therein" for each payment that it has made to any developer listed by Jensen in its initial disclosures.

5. AT&T renews its earlier offer to Jensen to inspect its trench agreements, as set forth in its letter to this Court of March 20, 2007 and in its letter to Jensen's counsel on February 21, 2008. Jensen maintains its objections to this offer.

6. Subject to the Court's approval, Jensen and AT&T agree that the parties have leave to depose the developers and trenching contractors who are listed in Jensen's initial disclosures or in its declarations to the Court in opposition to the motion for summary judgment. If these depositions prove inconclusive, any party can seek leave to submit to the Court a plan to conduct further depositions of developers and contractors.

7. Subject to approval from the Court, Jensen and AT&T agree that (1) the cut-off deadline for percipient discovery shall be extended so as to accommodate the above discovery; and (2) the ten-only limitation on depositions shall be excused so that the parties can conduct the above depositions. All discovery to be performed under this stipulation shall be completed on the above mentioned dates or, if no date is given, promptly and without undue delay.

//
//

8. Melissa Stanton will be deposed by telephone as to the following matters: (1) AT&T's written discovery responses of 5-31-07; (2) AT&T's written discovery responses of 11-30-07; (3) the prices that AT&T has paid under Rule 15 to property developers for AT&T Vaults made by suppliers other than Oldcastle in California since November, 2002 and in Nevada since January, 2006; and (4) questions that arise from Ms. Stanton's answers given during this deposition. As to items nos. 1-3 of this paragraph, Ms. Stanton will be briefed in advance in accordance with Rule 30 (b) (6) of the Federal Rules of Civil Procedure, so that she can provide such information as is available to AT&T on these matters.

9. Jensen preserves its right to move to strike or exclude from evidence the corrections to deposition testimony that AT&T served on Jensen on December 26, 2007. AT&T preserves all of its objections and arguments in opposition to any such motion.

**IT IS SO STIPULATED.**

DATED: ~~November 16, 2007~~ March 3, 2008

Respectfully submitted,

AT&T WEST LEGAL DEPARTMENT

By: /s/ RPB
Raymond P. Bolaños, Esq.
Attorneys for Defendants PACIFIC BELL TELEPHONE COMPANY, NEVADA BELL TELEPHONE COMPANY, AND AT&T SERVICES, INC.

DATED: March 3, 2008

Respectfully submitted,

MALDONADO & MARKHAM, LLP

By: /s/
William A. Markham,
Attorneys for Plaintiff,
JENSEN ENTERPRISES, INC.

//
//

ORDER

~~The Court, having reviewed the Stipulation and finding it to be appropriate, now renders the above stipulation between Jensen and AT&T an order of this Court.~~

~~DATED: March __, 2008~~       ~~IT IS SO ORDERED~~

~~Joseph C. Spero, Magistrate Judge~~
~~United States District Court~~

IT IS HEREBY ORDERED THAT the Stipulation is GRANTED IN PART AND DENIED IN PART. The Stipulation is DENIED regarding the discovery deadline cut-off date. Parties must week approval from Judge Illston regarding any extension of time regarding discovery deadline dates.

IT IS SO ORDERED.

Dated: March 5, 2008

