IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENSEN ENTERPRISES INC., | No. C 06-247 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND** |
| v. | |
| OLDCASTLE PRECAST INC., *et al.*, | |
| Defendants. | |

On April 17, 2009, the Court held a hearing on plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the Court's February 23, 2009 Order Granting Defendants' Motions for Summary Judgment. For the reasons set forth below, the Court DENIES the motion.

**LEGAL STANDARD**

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 565, 665 (9th Cir. 1999). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *See id.*

## DISCUSSION

Plaintiff contends that the Court incorrectly held that plaintiff failed to establish harm to competition in the market for sales of AT&T concrete vaults because notwithstanding plaintiff's admission that Oldcastle did not charge supra-competitive prices, developers were charged higher "effective" prices as a result of AT&T's alleged under-reimbursement. Plaintiff also argues that the Court erred in its application of *NYNEX Corp. v. Discon, Inc.*, 525 U.S. 128 (1998). As defendants correctly note, these issues were exhaustively briefed in the summary judgment motions, and plaintiff is simply reiterating arguments that the Court rejected in the summary judgment order.

Plaintiff also contends for the first time that the AT&T-Oldcastle contract resulted in a "naked restraint" of output. Plaintiff argues that the "Oldcastle only" policy was a naked restriction of output in a market that has thousands of purchasers because purchasers were forced to buy from only one supplier, Oldcastle. This contention was neither alleged in the fourth amended complaint nor briefed on summary judgment; nowhere in its summary judgment opposition did plaintiff make this argument. Plaintiff cannot raise this contention now. *See Kona Enters.*, 229 F.3d at 890.[1]

Plaintiff next asserts that the Court erred by finding that Oldcastle charged developers the AT&T contract price at the beginning of the contract term. Plaintiff contends that the facts are disputed on this point, and that the Court was required to draw all inferences in favor of plaintiff. The Court did not make such a finding, but simply quoted in a footnote Oldcastle's position regarding its pricing. *See* February 23, 2009 Order at 6 n.6. In any event, the parties' factual dispute on this point is irrelevant

---

[1] Apparently in recognition of this fact, plaintiff states that it sought leave to file a fifth amended complaint to "clarify this point." Plaintiff filed the motion for leave to amend the complaint at the same time that defendants moved for summary judgment, and the Court denied plaintiff's motion for leave to amend as moot after granting summary judgment in favor of defendants. The Court finds that seeking to amend the complaint to "clarify" this point, without ever raising these arguments in opposition to summary judgment, does not preserve the issue for purposes of seeking reconsideration.

Regardless, plaintiff's claim of a "naked restraint" on output is without support. To make such a claim, a plaintiff must show anti-competitive effects, such as reduced output or raised prices. *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1413-1414 (9th Cir. 1991). Plaintiff has never alleged or submitted evidence that the overall output of vaults was reduced; instead, plaintiff alleges that developers were forced to purchase vaults from one supplier. With regard to prices, although plaintiff alleges that "effective" prices were raised due to AT&T's reimbursement practices, it is undisputed that the prices were not supra-competitive. For all of the reasons set forth in the summary judgment order, the Court finds that because the prices were not supra-competitive, there is no antitrust harm to competition.

2

because it is undisputed that Oldcastle did not charge supra-competitive prices, and as a result, there was no harm to competition.

Plaintiff also contends that the Court dismissed two causes of action – the second and fifth causes of action – without explanation. The second cause of action alleges that "the AT&T affiliates and Oldcastle have engaged in a concerted refusal-to-deal or group boycott, doing so in a manner that constitutes a *per se* violation of Section 1 of the Sherman Act (15 U.S.C. § 1)." Fourth Amended Complaint ¶ 85 (Docket No. 117). Notwithstanding these allegations, plaintiff concedes that it cannot maintain a *per se* claim, but contends that it can challenge defendants' conduct under the rule-of-reason standard. However, where the *per se* rule does not apply, an antitrust plaintiff must show harm to competition. *Discon*, 525 U.S. at 135 ("We conclude no boycott-related per se rule applies and that the plaintiff here must allege and prove harm, not just to a single competitor, but to the competitive process, i.e., to competition itself."). Here, because plaintiff did not show harm to competition, the Court properly granted summary judgment on the second cause of action. In addition, the Court's holding that plaintiff cannot prove that it suffered any antitrust injury – a finding that plaintiff does not challenge in the Rule 59(e) motion – further dooms this claim. *See Cargill, Inc. v. Montfort of Colorado, Inc.*, 479 U.S. 104, 111 (1986); *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1433 (9th Cir. 1995).

The fifth cause of action alleges that Oldcastle attempted to monopolize the "electrical vault market" in violation of Section 2 of the Sherman Act. Plaintiff is correct that the Court's summary judgment order did not specifically address this claim, and thus the Court does so now.[2] "To prove its attempted monopolization claim under § 2 of the Sherman Act [the plaintiff] must show: (1) a specific intent to monopolize a relevant market – i.e., an intent to control prices or destroy competition in a relevant market; (2) predatory or anti-competitive conduct designed to control prices or destroy competition; (3) a dangerous probability of success – i.e., a probability of achieving monopoly power in the relevant market; and (4) causal antitrust injury." *Paladin Assocs. Inc. v. Montana Power Co.*, 328 F.3d 1145, 1163 n.22 (9th Cir. 2003).

Although plaintiff alleged in the Fourth Amended Complaint that Oldcastle engaged in predatory

---

[2] Plaintiff's counsel acknowledged at the April 17, 2009 hearing that this litigation has primarily focused on the other claims related to the market for AT&T concrete vaults.

3

pricing, plaintiff withdrew those allegations in its opposition to the summary judgment motions. Docket No. 427 at 47:11-13. Recognizing that there is no claim for monopoly leveraging in the Ninth Circuit, plaintiff characterizes its attempted monopolization claim as follows: "Jensen seeks to prove not that Oldcastle tried to leverage its monopoly for AT&T Vaults for the sake of increased profits in another market, but rather that it sought to exploit this monopoly in an attempt to establish a second monopoly for the sake of electrical vaults in the AT&T region of California." Docket No. 506 at 2:20-23.

Oldcastle contends that the attempted monopolization claim fails, *inter alia*, because plaintiff has not and cannot show the third element of an attempted monopolization claim, namely that Oldcastle had a probability of achieving monopoly power in the relevant market. To show this element, a plaintiff must demonstrate market power by "(1) defin[ing] the relevant market, (2) show[ing] that the defendant owns a dominant share of the market, and (3) show[ing] that there are significant barriers to entry and show[ing] that existing competitors lack the capacity to increase their output in the short run." *Rebel Oil Co.*, 51 F.3d at 1434. Oldcastle contends that plaintiff has never defined the relevant market, and also that plaintiff has not submitted evidence that Oldcastle owns a dominant share of any electrical vault market, or that there are significant barriers to entry in such a market. At the hearing, plaintiff's counsel stated that its expert Dr. Hall has opined that plaintiff's sales of electrical vaults decreased as a result of "one stop" sales of AT&T vaults and electrical vaults. However, this evidence is insufficient to meet plaintiff's burden on summary judgment of either defining the relevant market or raising a triable issue of fact as to whether Oldcastle owns a dominant share of any electrical vault market and showing that there are significant barriers to entry to that market. Accordingly, the Court GRANTS summary judgment in favor of defendant on this claim.[3]

---

[3] In the briefing on the Rule 59(e) motion, plaintiff incorrectly asserts that the Court previously ruled that plaintiff had provided enough evidence to give rise to disputed on the issue of whether Oldcastle had market power in a market for electrical vaults. Plaintiff's assertion is incorrect, as the Court has never addressed that issue.

4

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to alter or amend the February 23, 2009 order.  (Docket No. 489).

**IT IS SO ORDERED.**

Dated: April 20, 2009

SUSAN ILLSTON
United States District Judge