IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENSEN ENTERPRISES INC., | No. C 06-247 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED RELIEF FROM PROTECTIVE ORDER** |
| v. | |
| OLDCASTLE PRECAST, INC., et al., | |
| Defendants. | |

Plaintiff's motion for relief from the protective order is scheduled for a hearing on September 10, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**DISCUSSION**

Plaintiff Jensen Enterprises, Inc., seeks limited relief from defendant Oldcastle's designation of certain documents as "confidential" or "highly confidential" under the protective order in this closed case. Jensen seeks to provide two property developers with five internal Oldcastle email chains (designated "confidential") and information from Oldcastle's sales invoices[1] (designated "highly confidential"), for use in a state court lawsuit brought by the property developers against AT&T, as well as a related proceeding before the California Public Utilities Commission. The state court lawsuit, *La*

---

[1] Plaintiff's counsel, Mr. Markham, is also counsel to the property developers in the state court case. Mr. Markham states in one of his declarations that he wishes to use an expert report, created several years ago for this case, in the now-pending CPUC proceedings, and that the sales invoices would be necessary to lay an evidentiary foundation for the expert report.

*Collina dal Lago, L.P. et al. v. Pacific Bell Telephone Company et al.*, challenges AT&T's policy of requiring property developers to purchase specified materials from designated suppliers at market rates and allegedly under-reimbursing these developers at lower list prices that the suppliers provided to AT&T. Neither Jensen nor Oldcastle is a party to the state court lawsuit or the CPUC proceeding.

Under the terms of the protective order as well as a subsequent stipulation by the parties regarding use of the protective order, Jensen and Oldcastle agreed that all confidential documents would be used in this litigation only, and further that,

> Classification of Documents. All documents produced by either side shall be classified as follows: Any document made, sent or transmitted up until March 1, 2005 shall be classified as confidential. Any document made, sent or transmitted from March 1, 2005 onward shall be provisionally designated as highly confidential. The parties waive any objection that any of them might have to a blanket use of any classification. If a party wishes to object to the classification of any highly confidential document, it must come forward to explain why the document should be re-classified or de-classified. The party making any such challenge cannot object [on the] ground that the classification is indiscriminate or done in a blanket manner. Rather, the party must show why the challenged document(s) in particular should be re-classified or de-classified under the prevailing standard, which is that the document must qualify for the classification under Rule 26(c) and any lesser restriction would impose hardship on the party seeking protection. Nevertheless, all specific prices and customer identities shall remain highly confidential for all time periods.

Plaintiff's Notice of Resolution of Discovery Dispute with Defendant Oldcastle Precast Inc., ¶ 2 (Docket No. 229).

The parties agree that pursuant to the paragraph quoted above, Jensen has waived its right to challenge blanket classifications. The parties further agree that to the extent Jensen has not waived its rights to specific classifications, the burden is on Jensen to demonstrate that Oldcastle's classifications are improper.[2] Jensen argues that the emails and sales data "could not possibly compromise any proprietary commercial information that Oldcastle might want to protect," and therefore should be de-classified. Motion at 13:28-14:1. Jensen has submitted the declaration of its president, who states that as a professional in the precast concrete industry, it is his opinion that the documents at issue do not disclose any trade secrets or confidential commercial information, and that the limited, protected disclosure of this information would not harm Oldcastle's commercial operations. *See* Shanks Decl. ¶¶

---

[2] Plaintiff's motion originally objected to Oldcastle's "blanket" designations, and asserted that Oldcastle bore the burden of justifying the classifications. After filing the motion, plaintiff filed a "Notice of Erratum" which incorporated the parties' stipulation regarding classification of documents.

1 6-7. Jensen argues that these documents are highly relevant to the pending state court case and CPUC
2 proceedings, and that the *La Collina* plaintiffs and their attorneys have stated that they will be bound
3 by an identical protective order in the state court case, and thus disclosure to the state court plaintiffs
4 will not prejudice Oldcastle.

5 Oldcastle objects to plaintiff's motion on numerous grounds. Oldcastle contends that pursuant
6 to the parties' stipulation, because Jensen agreed that documents from before March 1, 2005 would be
7 confidential, and that specific prices and customer identities would be highly confidential, Jensen has
8 waived any objection to those designations. The emails that Jensen seeks to de-classify are from before
9 March 1, 2005, and the sales data falls in the category of "specific prices and customer identities."
10 Oldcastle also argues that even if Jensen did not waive its objections, these documents qualify for
11 protection under Rule 26(c). Oldcastle cites previous as well as newly-submitted declarations which
12 state that (1) Oldcastle treats its internal emails as confidential, and that disclosure of Oldcastle's
13 internal emails regarding the negotiation, implementation or operation of its agreement with AT&T
14 would cause competitive harm to Oldcastle in its attempts to compete for the business of AT&T and
15 others, and (2) Oldcastle treats its invoices, which show customer names and prices charged, as
16 confidential, and that disclosure of that information would cause competitive harm to Oldcastle. *See*
17 Bennett Decl. ¶¶ 9-13; 2006 Scott Decl. ¶¶ 7-9; 2010 Scott Decl. ¶¶ 4-11. Oldcastle argues that Jensen
18 has not identified any public interest in disclosure that outweighs Oldcastle's interests in confidentiality,
19 and that to the contrary, the only interests that Jensen has asserted are the private interests of Jensen and
20 Mr. Markham's developer clients. Finally, Oldcastle argues that the real parties in interest here are the
21 developers who have no standing in this case, and that if the developers want to modify the protective
22 order in this case, they should move to intervene under Rule 24, an attempt that Oldcastle asserts would
23 be unsuccessful.

24 The Court concludes that, in light of the stipulated protective orders to which Jensen agreed in
25 this case, Jensen has not met its burden to demonstrate that the email chains and sales data should be
26 de-classified. The Court finds that the 2010 declaration of Michael Scott is sufficient as a preliminary
27 matter, and that Jensen has not overcome this showing. *See In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D.
28 155, 163 (N.D. Cal. 1992) (disclosure of business strategy, analysis of competitors and relationships

with companies may put a company at a competitive disadvantage); *see also Black, Sivalls & Bryson, Inc. v. Keystone Steel Fabrication, Inc.*, 584 F.2d 946, 952 (10th Cir. 1978) (recognizing that 10 year old pricing information can be used for competitive purposes). Further, the Court agrees that Jensen has not shown that any countervailing public interests outweigh Oldcastle's interest in keeping these documents confidential pursuant to the terms of the protective order. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). Although the Court is sympathetic to the fact that Jensen expended considerable resources on discovery and expert reports in this case, and that Jensen wishes to share this information with the property developers, Jensen has not shown that the materials should be de-classified.[3]

Accordingly, the Court DENIES Jensen's motion for limited relief from the protective order. (Docket No. 535).

**IT IS SO ORDERED.**

Dated:   September 7, 2010

                                                                         _____
                                                                         SUSAN ILLSTON
                                                                         United States District Judge

---

[3] This order is not meant to bind any other court or administrative agency in determining, on a de novo basis, whether these documents were ever, or are still, "highly confidential," should the question arise in the context of third-party discovery requests.

4